# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BRIDGETT PULLINS,  \*
                                 \*
    Plaintiff,                  \*
                                 \*
v.                                 \*          CV 215-162
                                 \*
BI-LO HOLDINGS, LLC; DELHAIZE    \*
AMERICA, LLC; SAMSON MERGER     \*
SUB, LLC; SOUTHEASTERN           \*
GROCERS, LLC d/b/a HARVEY'S     \*
SUPERMARKET; and RETAINED
SUBSIDIARY ONE, LLC

    Defendant.

## ORDER

This matter comes before the Court on Defendants Samson Merger Sub, LLC ("Samson") and Retained Subsidiary One's ("Retained" collectively "Defendants") Motion to Dismiss (Dkt. No. 18). The motion is fully briefed and is now ripe for decision. For the reasons stated below, the motion is **GRANTED**.

### FACTUAL BACKGROUND

This case arises from personal injuries allegedly sustained by Plaintiff Bridgett Pullins ("Plaintiff") when she fell at Harvey's Supermarket due to a "loud noise" caused by an employee or agent of the Defendants. Dkt. No. 1 ¶ 6. She claims that Defendants failed to keep their premises safe and should have posted warning signs about the loud noise. Id. ¶10. Plaintiff

now seeks to recover damages for her medical expenses as well as her pain and suffering. Plaintiff filed her Complaint on November 12, 2015. See generally id. On December 23, 2015, Plaintiff amended her Complaint to add Retained as a Defendant. On March 24, 2016, Defendants filed the motion at issue, alleging that neither Samson nor Retained had been properly served. Dkt. No. 18. Samson has yet to answer Plaintiff's Complaint. Retained filed its Answer on April 27, 2016. Dkt. No. 24. Plaintiff was notified that Samson and Retained were the "sole-survivors-in-interest" to Harvey's Supermarket on December 14, 2015 via an email with an attached Memorandum of Mergers. Dkt. No. 20 p. 1. All other Defendants in this matter have either been properly served or have waived service.

## DISCUSSION

The Court considers whether or not Plaintiff's Complaint should be dismissed for failure to properly serve Defendants. Plaintiff bears the responsibility of serving the Defendant with copies of the complaint and a summons in accordance with Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). Lepone-Dempsey v. Carroll Cty. Comm'rs., 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m) provides, in part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1] Rule 4(m) thus requires that a plaintiff properly affect service on the defendant within 90 days after filing a complaint. Lepone-Dempsey, 476 F.3d at 1281 (citing Fed. R. Civ. P. 4(m)).

Where a plaintiff has filed a complaint but has not yet served the same upon the defendant, the plaintiff's decision to amend the complaint does not extend the timeframe in which to affect service under the rule. See Leonard v. Stuart-James Co., 742 F. Supp. 653, 662 (N.D. Ga. 1990). The amended complaint must still be served within 90 days of the filing of the original complaint. See id. at 660, 662 (service of the amended complaint 157 days after the original complaint's filing and thus was insufficient). In those circumstances, the amended complaint must be served in the same manner as an original complaint, rather than in the manner applicable to subsequent pleadings. See Leonard, 742 F. Supp. at 662.

In this case, it is undisputed that Plaintiff did not properly serve Defendants within the 90-day service period under Rule 4(m). Dkt. No. 20 p. 1. Plaintiff concedes this fact and instead seeks to extend the time of service as to Defendants.

---

[1] A recent amendment to this rule shortened the 120-day period for service to only 90 days. See Fed. R. Civ. P. 4 advisory committee's note.

3

Rule 4(m) affords two "safety hatches" for complaints served outside the 90-day window and therefore Plaintiff's failure to serve Defendants within that timeframe is not necessarily fatal to her cause of action. See Lau v. Klinger, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999). Rather, Plaintiff may avoid a dismissal of this action by demonstrating good cause for failing to meet the service deadline, in which case the Court would be obligated to extend that deadline for an appropriate period. See Lepone-Dempsey, 476 F.3d at 1281 (citing Fed. R. Civ. P. 4(m)).

Alternatively, Plaintiff may avoid dismissal by convincing the Court to exercise its discretion to extend the time for service even in the absence of good cause. See id. (citing Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)); Lau, 46 F. Supp. 2d at 1380 (citing Madison v. BP Oil Co., 928 F. Supp. 1132, 1135 (S.D. Ala. 1996)). The Court must first resolve the issue of good cause before turning to discretionary considerations. See, e.g., Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995); Lau, 46 F. Supp. 2d at 1381.

### A. Good Cause

"Good cause exists 'only when some outside factor[,] such as reliance on faulty advice rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey, 476 F.3d at

4

1281 (alteration in original) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Courts have likened good cause to the concept of "excusable neglect," see Fed. R. Civ. P. 6(b)(1)(B), which requires a showing of good faith and a reasonable basis for noncompliance with the time set forth in the rule. See, e.g., Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996) (citing Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1035 (8th Cir. 1994), and Pellegrin & Levine, Chartered v. Antoine, 961 F.2d 277, 282-83 (D.C. Cir. 1992)); Lau, 46 F. Supp. 2d at 1380 (citing Madison, 928 F. Supp. at 1137). While certain factors outside of a plaintiff's control satisfy this standard, neither inadvertence of counsel nor unfamiliarity with the governing rules is one of them. See, e.g., Petrucelli, 46 F.3d at 1307 (citing Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 84 (3d Cir. 1987)); Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992) (citing Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)). Nor does the tolling of the statute of limitations excuse noncompliance with Rule 4(m). Leonard, 742 F. Supp. at 662 n.8.

Plaintiff fails to demonstrate good cause for her untimely service on Defendants. Plaintiff offers virtually no reason for failing to serve Defendants beyond that the ownership of the supermarket where the incident took place is a "confusing situation." Dkt. No. 20. While it does appear that ownership

5

⊃ 72A
.ev. 8/82)

of the supermarket changed hands in 2014, Plaintiff was aware of this fact as early as December 14, 2015. Dkt. No. 20-1 p. 1-2. Furthermore, Plaintiff was alerted to the service issue when Defendants filed their Motion to Dismiss on March 24, 2016. Dkt. No. 18. As such, it has been over six months since Plaintiff was formally notified she had not served Defendants, yet she *still* has not accomplished service of process. Therefore, the Court cannot find good cause for her dilatory service here.

**B. Discretionary Considerations**

Rule 4(m) affords the district court discretion to enlarge the 90-day period for service of process even if Plaintiff fails to establish good cause. Horenkamp, 402 F.3d at 1132 (citing Henderson v. United States, 517 U.S. 654 (1996)). A permissive extension of time for service may be warranted, for example, "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Id. at 1132-33 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). Other relevant considerations may include whether the defendant had notice of the suit despite the plaintiff's failure to perfect timely service, and whether the defendant has received proper service since the close of the 90-day window. See id. at 1133.

The Court declines to grant a time extension in this case. The statute of limitations period for a personal injury action in Georgia is two years. OCGA § 9-3-33. Since the incident in this case occurred on December 6, 2013, a dismissal here would amount to a dismissal with prejudice because a re-filed action against Defendants would be outside the statute of limitations. However, "the running of the statute of limitations does not require that a district court extend the time for service of process," as the court has discretion in making this decision. Horenkamp, 402 F.3d at 1132.

Here, Plaintiff's excuse is no excuse at all. The Defendants remain unserved over a year after the filing of the original action and six months after filing their Motion to Dismiss for lack of service. Plaintiff's only excuse for her lack of action is the amount of confusion regarding the ownership of the store where the incident occurred. The ownership question may have very well been confusing. Yet, Plaintiff was no longer confused on December 14, 2015. This was the date Plaintiff received the Memorandum of Mergers, indicating that Defendants were the owners of Harvey's Supermarket. Dkt. No. 20-1 pp. 1-2. This was almost a year ago. Defendants remain unserved. At this point, the Court would be granting what would amount to over a 180 day extension, more than double the amount originally given to Plaintiff under

7

Rule 4(m). The Court declines to grant an extension in this case, and Defendants' Motion to Dismiss is hereby granted.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. No. 18) is **GRANTED**.

**SO ORDERED**, this 12th day of December, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

⊃ 72A
.ev. 8/82)