# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BRIDGETT PULLINS,

 Plaintiff,

v.            2:15-cv-162

BI-LO HOLDINGS, LLC; DELHAIZE AMERICA, LLC,

 Defendant.

## ORDER

This matter comes before the Court on two different motions. First is the Defendants' Motion for Summary Judgment (Dkt. No. 33), and second is Plaintiff Bridgett Pullins's Motion for Reconsideration (Dkt. No. 34) of the Court's Order (Dkt. No. 27) ("December Order") dismissing Defendants Samson Merger Sub, LLC ("Samson") and Retained Subsidiary One, LLC ("Retained").[1] Both Motions are fully briefed and are now ripe for review. For the reasons stated below, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

---

[1] While the December Order dismissed claims against Samson, Retained, and Southeastern, Plaintiff's motion only seeks reconsideration of the dismissal of Samson and Retained.

AO 72A
(Rev. 8/82)

**FACTUAL BACKGROUND**

**A. Events at Harvey's**

Plaintiff complains of actions that occurred when she was shopping at a Harvey's grocery store on December 6, 2013. Dkt. No. 6 ¶ 7; Dkt. No. 33-2, Ex. A. 32:22-33:21. While inside, she heard a "loud explosion" coming from a "floor buffing machine" then "jump[ed] backwards and f[e]ll back." Id. at 33:24-35:8. Nothing in the store physically touched her to make her fall. Id. at 36:23-37:1. Plaintiff has never heard such a noise inside that Harvey's store before or since. Id. at 38:21-39:3. After hearing the noise, Plaintiff lost her balance and fell over her daughter who was behind her. Id. at 37:2-9.

**B. Ownership of Harvey's**

The undisputed evidence in this case shows that J.H. Harvey Co., LLC owned the Harvey's Supermarket located at 955 South First Street in Jesup, Georgia in December 2013. Dkt. No. 33-4 ¶ 3. While J.H. Harvey Co., LLC no longer exists, the evidence shows that its liabilities have been acquired by Retained. Dkt. No. 33-4 ¶¶ 5, 9, Ex. 1.

**C. Procedural History**

Plaintiff sued Bi-Lo Holdings, LLC ("Bi-Lo"), Delhaize America, LLC ("Delhaize"), Southeastern Grocers, LLC d/b/a Harvey's Supermarket ("Southeastern"), and Samson on November 12, 2015 for actions that occurred at the Harvey's in Jesup,

Georgia. Dkt. No. 1. On December 23, 2015, she amended her complaint to add Retained to the action. Dkt. No. 6. Defendants then filed a 12(b)(5) Motion to Dismiss on March 24, 2016, alleging that neither Samson nor Southeastern nor Retained was properly served. Dkt. No. 18. Plaintiff filed her reply on April 11, 2016, asking the Court to extend time for service of process because the supermarket's ownership was "confusing." Dkt. No. 20. Meanwhile, Retained was served on April 6, 2016, and Samson was served on April 11, 2016. Dkt. No. 34-2, 34-3.

In asking the Court to excuse its failure to serve Defendants Samson and Retained, Plaintiff failed to mention that she had in fact served them. And no one alerted the Court of these facts by the time it decided that motion. So, this Court dismissed Plaintiff's claims against Southeastern, Retained, and Samson. Dkt. No. 27. In fact, when the Court issued its order on December 12, 2016, Defendants Retained and Samson had been served, unbeknownst to the Court. In light of that fact, Plaintiff asks the Court to reconsider its December Order dismissing Defendants Samson and Retained.

On the same day that Plaintiff filed her motion for reconsideration, Defendants Bi-Lo and Delhaize moved for summary judgment. Both motions are now before the Court.

AO 72A
(Rev. 8/82)

## LEGAL STANDARD

### A. Motion for Summary Judgment

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The nonmovant may satisfy this burden in two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant instead attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for

4

the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

**B. Motion for Reconsideration**

A district court has the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered. Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236 (M.D. Ala. 2000). A motion for reconsideration generally is appropriate where there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010). "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256. "[A]ny arguments which the party

AO 72A
(Rev. 8/82)

inadvertently failed to raise earlier are deemed waived." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

**DISCUSSION**

**A. Premises Liability**

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.[2] "[T]he basis of an owner/occupier's liability to an invitee injured on the premises is the owner/occupier's superior knowledge of the condition that subjected the invitee to an unreasonable risk of harm." Bartlett v. McDonough Bedding Co., 722 S.E.2d 380, 382 (Ga. Ct. App. 2012). "In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor." Drew v. Istar Fin., Inc., 661 S.E.2d 686, 689 (Ga. Ct. App. 2008) (quoting Sunlink Health Sys. v. Pettigrew, 649 S.E.2d 532, 534 (Ga. Ct. App. 2007). Instead, "[t]he true basis for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitee[] to an <u>unreasonable</u> risk of harm." Id. (emphasis in original).

---

[2] The parties agree that Georgia law governs this dispute because the events complained of occurred in Georgia.

6

In order for a plaintiff to recover in a premises liability action, an invitee must prove (1) the existence of a hazard, (2) the defendant's actual or constructive knowledge of the hazard, and (3) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care. Drew, 661 S.E.2d at 689. "If the owner has no actual or constructive knowledge of the hazard, summary judgment in its favor would be appropriate." Id.

In this case, Plaintiff has failed to bring forth proof of a hazardous condition, and the undisputed facts show that Defendants had no superior knowledge. A hazardous condition is one that "constitute[s] an unreasonable risk of harm." Flagstar Enters., Inc. v. Burch, 600 S.E.2d 834, 835 (Ga. Ct. App. 2004). "To create a question of fact as to the existence of a hazardous condition, a 'plaintiff cannot rely upon speculation.'" Carroll v. Krystal Co., 692 S.E.2d 869, 870 (Ga. Ct. App. 2010) (quoting Burch, 600 S.E.2d 834, 836 (Ga. Ct. App. 2004). Here, Plaintiff testified that she fell because of a loud sudden noise coming from a floor buffing machine. She fails to point to any case where a loud noise constitutes a dangerous condition. No law suggests that a loud noise poses an unreasonable risk of harm. That a loud noise is not a hazardous condition is further shown in this case by Plaintiff's lack of evidence that anyone else in

the store reacted the way she did, on that day or at any other time.

She has also failed to point to any evidence suggesting that Defendants knew or should have known that such a loud noise would occur. The "smokiness" or "film" in the air coming from the machine is all that Plaintiff has identified in attempting to prove Defendants' superior knowledge. Dkt. No. 33-2, 39:23. Not only is there no evidence that smoke from a machine indicates the eruption of a noise, but also Plaintiff had equal knowledge of the smoke. When the plaintiff has the same knowledge of a condition as the defendant, the defendant necessarily cannot have superior knowledge. Plaintiff has also failed to produce evidence that the floor-buffing machine had ever made a "loud noise" before. To the contrary, Defendants have produced evidence that it had not. Dkt. No. 33-2, Ex. C ¶ 6. In short, Plaintiff points to nothing which would put Defendants on notice that a loud noise would occur. Notably, when asked what Defendants should have done to make the condition safer or warn her of it, Plaintiff testified, "I don't know. I don't know how to answer that. I wasn't prepared for that." Dkt. No. 33-2, Ex. A 39:12-19.

Plaintiff's attempt to rely on the doctrine of res ipsa loquitur is misguided. Res ipsa loquitur is authorized only where (1) "the injury is of a kind which ordinarily does not

occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." Giannotti v. Beleza Hair Salon, Inc., 675 S.E.2d 544, 642 (Ga. Ct. App. 2009).

Plaintiff cannot satisfy the first element. Res ipsa loquitur does not apply to "mechanical devices because they get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone." Miller v. Ford Motor Co., 653 S.E.2d 82, 84 (Ga. Ct. App. 2007) (quoting Millar Elevator Svc. Co. v. O'Shields, 475 S.E.2d 188, 190 (Ga. Ct. App. 1996)). To the extent that Plaintiff has shown any causation between the floor buffing machine and her falling down, she cannot use res ipsa loquitur to fill in the evidentiary gap regarding Defendants' negligence. Because she fails to satisfy the first element, the Court need not analyze the remaining elements for application of res ipsa loquitur. Therefore, Plaintiff has failed to produce evidence of the essential elements for premises liability.

### B. Ownership of Harvey's

Even if Plaintiff had been able to produce evidence of each of the elements for this premises liability action, the proof shows that Bi-Lo and Delhaize were not owners or occupiers of

AO 72A
(Rev. 8/82)

the premises in question. Plaintiff testified that the events giving rise to this action occurred at the Harvey's in Jesup, Georgia. Dkt. No. 33-2, 34:7-9. The evidence shows that J.H. Harvey Co., LLC owned the Harvey's Supermarket located at 955 South First Street in Jesup, Georgia. Dkt. No. 33-2, Ex. C ¶ 3. While J.H. Harvey Co., LLC no longer exists, the evidence shows that its liabilities were acquired by Retained. Dkt. No. 33-2, Ex. C ¶¶ 5, 9, Ex. 1. In any event, neither Bi-Lo nor Delhaize owned or occupied the premises where the events occurred. This provides independent grounds for summary judgment in their favor.

### C. Motion to Reconsider Dismissal of Samson and Retained

On December 12, 2016, this Court dismissed Defendants Samson, Retained, and Southeastern from this action because Plaintiff failed to timely serve them. Dkt. No. 27. Plaintiff now asks the Court to reconsider that decision as to Samson and Retained, explaining that, though she failed to point it out at the time, Retained and Samson had in fact been served in April 2016, eight months before the Court issued its order.

If this motion were standing alone, the Court would deny it. The deadline to serve Defendants was February 10, 2016. Plaintiff missed that deadline. Although Retained and Samson were ultimately served on April 6 and April 11 of 2016, respectively, Plaintiff failed to bring this to the Court's

10

AO 72A
(Rev. 8/82)

attention until June 19, 2017—<u>four hundred thirty-four days later</u>. Moreover, she had several opportunities to do so. She could have informed the Court of the completion of service when she filed her opposition to Defendants' motion to dismiss on April 11, 2016. She could have done so at any point from April until December, when the Court issued its order. She could have done so immediately upon learning the outcome of the Court's order dismissing those Defendants. Instead, she waited until the remaining Defendants filed a summary judgment motion to ask the Court to bring back the previously dismissed Defendants. Plaintiff has offered no reason why she waited so long to tell the Court about the completion of service.

And although the December Order was based on facts Plaintiff much later sought to correct, the facts kept from the Court were known to Plaintiff all along. This makes reconsideration inappropriate. See <u>Groover</u>, 90 F. Supp. 2d at 1256; <u>McCoy</u>, 966 F. Supp. at 1223.

But this motion does not stand alone. The Court has the benefit of all of the evidence and a full assessment of the weakness of Plaintiff's claims. Even if the Court reconsiders its December Order because it was based on an erroneous fact (albeit one Plaintiff had the power to correct), Plaintiff's claims against Samson and Retained would fail for the same reasons that her claims against Bi-Lo and Delhaize fail: she has

not shown a hazardous condition or superior knowledge of such a condition.

## CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment (Dkt. No. 33) is **GRANTED**, and Plaintiff's Motion for Reconsideration (Dkt. No. 34) is **DENIED**. The Clerk of Court is directed to enter an order closing the case.

**SO ORDERED**, this 23RD day of October, 2017.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

12